61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamar HASKINS, a/k/a AZ, a/k/a Shorty, Defendant-Appellant.
 No. 94-5610.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 12, 1995.
 
 J. Edward Holler, Holler, Olive, Lengel & Garner, Columbia, SC, for Appellant. Sean Kittrell, Office of The United States Attorney, Columbia, SC, for Appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lamar Haskins entered a guilty plea to conspiracy to possess with intent to distribute and to distribute heroin, 21 U.S.C.A. Sec. 846 (West Supp.1995). He was sentenced to serve a term of 151 months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in his view, there are no meritorious issues for appeal. Haskins has been notified of his right to file a supplemental brief, but has not filed one. We affirm the conviction and sentence.
 
 
 2
 We find that counsel's challenge to the sentence calculation is without merit. Haskins admitted that he began participating in the conspiracy in September 1993. He and his co-defendants were arrested in January 1994. The presentence report contained information from two conspirators who said that heroin was sold six or seven days a week for $120 to $180 a gram, and that each of the four conspirators who sold heroin to street dealers collected $1200 to $1500 a day. This information was corroborated in part by records found in several motel rooms used by the conspirators.
 
 
 3
 In the absence of evidence to the contrary, the district court accepted the probation officer's estimate that at least 1200 grams of heroin (more properly, a mixture containing heroin) were sold during the five months the conspiracy lasted. In addition to 33.76 grams of heroin seized at the time of the defendants' arrests, four-fifths of the total estimated amount sold, or 960 grams, was attributed to Haskins because he participated in the conspiracy for four months. This amount gave Haskins a base offense level of 30. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1993). Under application note 12 to section 2D1.1, the district court was entitled to estimate the total quantity of drugs involved, and we find that the court did not clearly err in determining the amount attributed to Haskins.
 
 
 4
 With a 2-level enhancement for possession of a firearm in connection with the offense, USSG Sec. 2D1.1(b)(1), and a 2-level reduction for acceptance of responsibility, Haskins' final offense level was 30. He was in criminal history category III, having been sentenced to serve one year in prison in New York for robbery with physical injury (2 criminal history points), and to serve 10 days in South Carolina for simple assault (1 point); another South Carolina assault conviction resulted in a fine (1 point). The district court imposed sentence within the guideline range of 121-151 months.
 
 
 5
 Haskins expressed his unhappiness at sentencing with receiving the same sentence as another conspirator who sold heroin for the full five months. Individual factors such as criminal history or the degree of cooperation given by different defendants may produce such results; however, the only question before us is the propriety of Haskins' sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents, and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence.
 
 
 6
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED